# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| **Appeal No. & Caption** | Keith Lynn and Jennifer Lynn v. USA, 23-2103 |
|---|---|
| **Originating No. & Caption** | Keith Lynn & Jennifer Lynn v. USA, 2:20-cv-04277-JD |
| **Originating Court/Agency** | District of South Carolina |

| **Jurisdiction** (answer any that apply) | | |
|---|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 U.S.C. § 1291 | |
| Time allowed for filing in Court of Appeals | 60 days | |
| Date of entry of order or judgment appealed | April 4, 2023; August 24, 2023 | |
| Date notice of appeal or petition for review filed | October 19, 2023 | |
| If cross appeal, date first appeal filed | n/a | |
| Date of filing any post-judgment motion | May 2, 2023 | |
| Date order entered disposing of any post-judgment motion | August 24, 2023 | |
| Date of filing any motion to extend appeal period | n/a | |
| Time for filing appeal extended to | n/a | |
| Is appeal from final judgment or order? | ● Yes | ○ No |
| If appeal is not from final judgment, why is order appealable? | | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-731-9099.) | | |
|---|---|---|
| Is settlement being discussed? | ○ Yes | ● No |

| **Transcript** (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ○ Yes | ◉ No |
| Has transcript been filed in district court? | ○ Yes | ◉ No |
| Is transcript order attached? | ○ Yes | ◉ No |

| **Case Handling Requirements** (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | n/a | |
| Case number of any pending appeal in same case | n/a | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | n/a | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ◉ No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ◉ Yes | ○ No |
| Does case involve question of first impression? | ○ Yes | ◉ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ◉ No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

**Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.)

This is a medical malpractice action under the Federal Tort Claims Act arising from the premature and unnecessary amputation of Keith Lynn's right leg.

In the months leading up to this amputation, Mr. Lynn was being followed by the podiatry service at the VA medical center for a diagnosis of Charcot's joint disease. In mid-January of 2019, a VA provider interpreted a CT scan as demonstrating evidence of advanced chronic oseomyelitis, which had not been previously diagnosed. The VA subsequently amputated Mr. Keith's right leg without any pathology work, without a bone biopsy, and without any direct evidence of osteomyelitis. Appellants' expert witness has opined this hasty amputation violated the relevant standard of care. The Respondent has presented expert testimony opining that Mr. Keith supposedly suffered from life-threating necrotizing fasciitis, and that the amputation complied with the relevant standard of care.

On April 4, 2023, the District Court granted summary judgment to the Respondent, holding there was no genuine issue of material fact as to proximate cause. On August 24, 2023, the District Court denied a motion to reconsider.

**Issues** (Non-binding statement of issues on appeal.  Attach additional page if necessary)

I.   Whether the District Court erred in ordering summary judgment in favor of the Respondent, when said order:
  (a)   considered and discounted the credibility of Appellants' expert witness,
  (b)   weighed the parties' experts' testimony and purportedly resolved conflicts between said testimony, and
  (c)   decided the relevant medical standard of care,
all of which are issues for the trier of fact to decide.

II. Was the Respondent's ex parte submission of its proposed pretrial findings of fact and conclusions of law unauthorized and prejudicial?


Note: Due to the death of Keith Lynn, a motion to substitute Jennifer Lynn (as the personal representative of his estate) is forthcoming. Fed. R. App. P. 43(a).

**Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel.  Attach additional page if necessary.)

| Adverse Party: United States of America | Adverse Party: |
|---|---|
| Attorney: Lee E. Berlinsky<br>Address: 151 Meeting Street, Suite 200<br>Charleston, SC 29401 | Attorney:<br>Address: |
| E-mail: lee.berlinsky@scdoj.gov | E-mail: |
| Phone: 843.727.4381 | Phone: |

**Adverse Parties (continued)**

| Adverse Party: | Adverse Party: |
|---|---|
| Attorney:<br>Address: | Attorney:<br>Address: |
| E-mail: | E-mail: |
| Phone: | Phone: |

| **Appellant** (Attach additional page if necessary.) ||
|---|---|
| Name: Keith Lynn and Jennifer Lynn<br><br>Attorney: Jason Scott Luck<br>Address: P.O. Box 47 (107 S. Parsonage St)<br>Bennettsville, SC 29512<br><br>E-mail: jason@luck.law<br><br>Phone: 843.479.6863 | Name: Keith Lynn and Jennifer Lynn<br><br>Attorney: Paul Tinkler<br>Address: TINKLER LAW FIRM, LLC<br>P.O. Box 31813<br>Charleston, SC 29417<br><br>E-mail: paultinkler@tinklerlaw.com<br><br>Phone: 843.853.5203 |
| **Appellant (continued)** ||
| Name: Keith Lynn and Jennifer Lynn<br><br>Attorney: William Tinkler<br>Address: TINKLER LAW FIRM, LLC<br>P.O. Box 31813<br>Charleston, SC 29417<br><br>E-mail: williamtinkler@tinklerlaw.com<br><br>Phone: 843.853.5203 | Name: Keith Lynn and Jennifer Lynn<br><br>Attorney: Stephen F. DeAntonio<br>Address: DeANTONIO LAW FIRM, LLC<br>P.O. Box 30069<br>Charleston, SC 29417<br><br>E-mail: sdeantonio@deanlawfirm.com<br><br>Phone: 843.577.8080 |

**Signature:** s/ Jason Scott Luck  **Date:** 10/24/2023

**Counsel for:** Appellants

**Certificate of Service** *(required for parties served outside CM/ECF)*: I certify that this document was served on _____ by ☐ personal delivery; ☐ mail; ☐ third-party commercial carrier; or ☐ email (with written consent) on the following persons at the addresses or email addresses shown:

Signature:                                       Date:

Print to PDF for Filing    Reset Form