No. 23-2103

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

JENNIFER L. BECKETT-LYNN,
Individually, and as Personal Representative
of the Estate of Keith Lynn,
*Plaintiff-Appellant*

v.

UNITED STATES OF AMERICA,
*Defendant-Appellee*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

**REPLY BRIEF OF APPELLANT**

Jason Scott Luck
P.O. Box 47
Bennettsville, SC 29512
843.479.6863
jason@luck.law

Stephen F. DeAntonio
DeANTONIO LAW FIRM, LLC
P.O. Box 30069
Charleston, SC 29417
843.577.8080
sdeantonio@deanlawfirm.com

Paul E. Tinkler
William P. Tinkler
TINKLER LAW FIRM, LLC
P.O. Box 31813
Charleston, SC 29417
843.853.5203
paultinkler@tinklerlaw.com
williamtinkler@tinklerlaw.com

*Counsel for Plaintiff-Appellant*

## TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................i

TABLE OF AUTHORITIES ....................................................................................... ii

ARGUMENT IN REPLY .............................................................................................1

    I.    The Respondent applies an abuse of discretion standard to a decision that is reviewed *de novo* under Rule 56.........................................................1

    II.   Respondent's *post hoc* justification does not excuse its *ex parte* communication. ....................................................................................3

CONCLUSION ........................................................................................................5

# TABLE OF AUTHORITIES

**FEDERAL CASES**

*Adickes v. SH Kress & Co.*,
    398 U.S. 144 (1970)..................................................................................2

*Carter v. Fleming*,
    879 F.3d 132 (4th Cir. 2018)....................................................................1

*Poller v. Columbia Broadcasting*,
    368 U. S. 464 (1962)................................................................................3

*Sosebee v. Murphy*,
    797 F.2d 179 (4th Cir. 1986)....................................................................1

**FEDERAL RULES**

Fed. R. Civ. P. 56 .....................................................................................1, 2

Fed. R. Evid. 602 ........................................................................................2

Local Civ. Rule 7.10 ...................................................................................3

Local Civ. Rule 26.05 .................................................................................3

**STATE CASES**

*McCourt v. Abernathy*,
    318 S.C. 301, 457 S.E.2d 603 (1995).......................................................2

# ARGUMENT IN REPLY

**I.　The Respondent applies an abuse of discretion standard to a decision that is reviewed *de novo* under Rule 56.**

The District Court's April 4, 2023, order fails to properly apply the standard for summary judgment, justifying a swift reversal under well-settled law. It is therefore no surprise that Respondent seeks to recharacterize the District Court's order as anything but summary judgment. The District Court did not, as the Respondent claims, "exclude" the testimony of Dr. Jacobs. Instead, the District Court considered Jacobs' testimony and held there was no genuine issue of material fact as to the element of proximate cause. (JA 242). While the District Court applied the correct standard, it improperly weighed testimony and credibility, demanding reversal. *See, e.g., Sosebee v. Murphy*, 797 F.2d 179, 182 (4th Cir. 1986) (The court must not resolve disputed facts, weigh the evidence, or make determinations of credibility.). A court's summary judgment decision is reviewed *de novo*, utilizing the Fed. R. Civ. P. 56 standard (not as an abuse of discretion). *E.g. Carter v. Fleming*, 879 F.3d 132, 139 (4th Cir. 2018).

The Respondent's remaining summary judgment argument is a recapitulation of facts viewed in a light most favorable to the Respondent. (Appellee Br. 21-24). The Respondent, like the District Court, assumes the existence of necrotizing fasciitis, which is an unwarranted inference of fact. Lynn, through Dr. Jacobs' testimony, hotly disputes the existence of necrotizing fasciitis. (Appellant Br. 16-

1

19). Whether Respondent's experts "establish" the existence of necrotizing fasciitis (as its argument contends) is a disputed issue of material fact. The existence or non-existence of this fact must be determined at trial, after the parties present their complete cases and scrutinize their opponent's. Finally, Respondent relies on Dr. Jacobs' inadmissible speculation as to what Dr. Brothers was thinking at the time he (first) amputated Mr. Lynn's leg. (Appellee Br. 21). *See* Fed. R. Evid. 602 (personal knowledge required); Fed. R. Civ. P. 56(c)(2) (evidence must be admissible).

The District Court found Dr. Jacobs qualified to testify in this matter, and he has never been disqualified. (JA 189-190, 241). Dr. Jacobs provided testimony establishing the standard of care,[1] how this standard was violated, and how Mr. Lynn was injured by this violation. (Appellant Br. 14-16). While Respondent's experts dispute these opinions, they do not refute these opinions. Remarkably, Respondent provides no response to Lynn's specific showing of how Dr. Jacobs rebuts all of Respondent's experts. (Appellant Br. 17-18). This matter must be considered by the trier of fact. *See Adickes v. SH Kress & Co.*, 398 U.S. 144, 176 (1970) ("Trial by affidavit is no substitute for trial by jury which so long has been the hallmark of

---

[1] South Carolina substantive law requires the "material elements of a medical malpractice action", which includes the standard of care, be proven to the trier of fact by a preponderance of the evidence. *McCourt v. Abernathy*, 318 S.C. 301, 457 S.E.2d 603, 606-607 (1995). The Respondent characterizes this substantive requirement as subsumed into Fed. R. Civ. P. 56, and thus procedural. (Appellee Br. 19).

2

'even handed justice.'") (quoting *Poller v. Columbia Broadcasting*, 368 U.S. 464, 473 (1962)).

## II. Respondent's *post hoc* justification does not excuse its *ex parte* communication.

Respondent apparently concedes it submitted its proposed findings and conclusions *ex parte*.[2] (Appellee Br. 4, 25). The plain language of the rule governing proposed findings and conclusions prohibits *ex parte* communication of these documents:

> Copies of proposed orders will be provided to all counsel of record at the same time and in the same manner as provided to the court; provided, however, that if the court requests proposed findings and conclusions to be submitted before trial, the court may postpone the required exchange until after trial.

Local Civ. Rule 7.10(B)(4) (D.S.C.). This rule provides no mechanism by which to authorize provision of proposed findings and conclusions *ex parte*. Local Civ. Rule 26.05, cited by the District Court, likewise provides no mechanism.

The Respondent's provides no rule authorizing *ex parte* communications in this context. (Appellee Br. 26-27). It instead claims the District Court's "orders" that stated "submissions should occur 'via email to chambers'" authorized *ex parte* disclosure. (Appellee Br. 26; JA 289). There was nothing in any of these "orders"

---

[2] The fact that Lynn did not submit proposed findings and conclusions, and Lynn's justification for doing so, is irrelevant to this argument, as is Respondent's repeated invocations of "irony". (Appellee Br. 25-27).

3

authorizing provision of proposed findings and conclusions *ex parte*, and particularly the first two notices, which contained the following language:

> PROPOSED FINDINGS AND CONCLUSIONS OF LAW. The parties are to submit proposed findings and conclusions of law via email to chambers at Dawson_Ecf@scd.uscourts.gov no later than five (5) business days prior to trial.

(JA 4, 179-182). Without a law authorizing the communication in this case, or even providing a mechanism by which to authorize the communication, the Respondent's provision of its proposed findings and conclusions was <u>un</u>authorized. Lynn believes it is no coincidence the supposed "necrotizing soft tissue infection" repeatedly referenced by the Respondent's proposed findings and conclusions was a condition the District Court relied upon in its summary judgment order. (JA 215, 251, 253-255, 260). The District Court's order must be reversed and vacated.

[signature page follows]

4

## CONCLUSION

The District Court should be reversed.

Respectfully submitted,

Dated: 04/05/2024               /s/ Jason Scott Luck

Jason Scott Luck
P.O. Box 47
Bennettsville, SC 29512
843.479.6863
jason@luck.law

Paul E. Tinkler
William P. Tinkler
TINKLER LAW FIRM, LLC
P.O. Box 31813
Charleston, SC 29417
843.853.5203
paultinkler@tinklerlaw.com
williamtinkler@tinklerlaw.com

Stephen F. DeAntonio
DeANTONIO LAW FIRM, LLC
P.O. Box 30069
Charleston, SC 29417
843.577.8080
sdeantonio@deanlawfirm.com

*Counsel for Plaintiff-Appellant*