**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-2103

JENNIFER L. BECKETT-LYNN, individually and as Personal Representative of the Estate of Keith Lynn,

    Plaintiff - Appellant,

  v.

UNITED STATES OF AMERICA,

    Defendant - Appellee.

Appeal from the United States District Court for the District of South Carolina, at Charleston. Joseph Dawson, III, District Judge. (2:20-cv-04277-JD)

Submitted: September 30, 2025        Decided: October 3, 2025

Before NIEMEYER, THACKER, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Jason Scott Luck, Bennettsville, South Carolina; Stephen F. DeAntonio, DeANTONIO LAW FIRM, LLC, Charleston, South Carolina; Paul E. Tinkler, William P. Tinkler, TINKLER LAW FIRM, LLC, Charleston, South Carolina, for Appellant. Adair F. Boroughs, United States Attorney, Martin L. Holmes, Jr., Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jennifer Beckett-Lynn ("Beckett-Lynn") and her now deceased husband, Keith Lynn ("Lynn"), brought a civil action pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b)(1), 2671, alleging that substandard medical care provided to Lynn at the Veterans Affairs Medical Center in Charleston, South Carolina, resulted in the unnecessary amputation of Lynn's right leg below the knee. The district court granted the United States's motion for summary judgment. Applying South Carolina law to the Lynns' claims, the district court found that the Lynns failed to provide expert testimony to counter the applicable standard of care established by the United States's experts or to show that Lynn's injuries had been proximately caused by a breach of that standard. Beckett-Lynn appeals the district court's order and a subsequent order denying her Fed. R. Civ. P. 59(e) motion.

On appeal, Beckett-Lynn argues that the district court improperly received ex parte communications from the United States; erroneously dismissed the Lynns' sole expert witness's opinion testimony based on a credibility determination; and improperly resolved genuine issues of materials facts regarding the correct diagnosis and the applicable standard of care. We affirm.

First, Beckett-Lynn argues that the district court received unauthorized communications from the United States ex parte. Our review of the record confirms that the United States's submission to the court, at the court's direction, complied with the D.S.C. Local Rules 7.10 and 26.05. Thus, we find no error.

2

We review de novo a district court's ruling on a motion for summary judgment, construing all facts and drawing all reasonable inferences in favor of the nonmoving party. *Bandy v. City of Salem*, 59 F.4th 705, 709 (4th Cir. 2023). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We will uphold the district court's grant of summary judgment unless we find that a reasonable factfinder could return a verdict for the nonmoving party on the evidence presented. *See Bandy*, 59 F.4th at 709.

"The FTCA waives the federal Government's sovereign immunity in tort actions, making the United States liable in the same manner and to the same extent as a private individual under like circumstances." *Cibula v. United States*, 664 F.3d 428, 429 (4th Cir. 2012) (internal quotation marks omitted). To determine liability under the FTCA, courts apply "the law of the place where the . . . act or omission occurred"—here, South Carolina. *Id*. at 430 (internal quotation marks omitted).

Under South Carolina law, to succeed on a medical malpractice claim, a plaintiff must prove by a preponderance of the evidence:

> (1) The presence of a doctor-patient relationship between the parties;
>
> (2) Recognized and generally accepted standards, practices, and procedures which are exercised by competent physicians in the same branch of medicine under similar circumstances;
>
> (3) The medical or health professional's negligence, deviating from generally accepted standards, practices, and procedures;
>
> (4) Such negligence being a proximate cause of the plaintiff's injury; and

3

(5) An injury to the plaintiff.

*Brouwer v. Sisters of Charity Providence Hosps.*, 763 S.E.2d 200, 203 (S.C. 2014). In addition, "the plaintiff must use expert testimony to establish both the standard of care and the defendant's failure to conform to that standard" unless that information is common knowledge. *Gooding v. St. Francis Xavier Hosp.*, 487 S.E.2d 596, 599 (S.C. 1997). "A medical malpractice plaintiff who relies solely on expert testimony must introduce evidence that the defendant's negligence most probably resulted in the injuries alleged." *Id*.

Here, the district court properly determined that the Lynns' sole expert witness was not qualified to provide testimony regarding the appropriate standard of care applicable to the defendant physician, nor could the Lynns' expert testimony establish that the applicable standard of care had been breached. The Lynns' expert conceded that he was not qualified to testify regarding the applicable standard of care for the medical procedure at issue, treatment of necrotizing fasciitis by a below knee amputation. Though the knowledge requirement for a testifying medical expert does not require that the expert "practice in the particular area of medicine as the defendant doctor to be qualified to testify as an expert…he must set forth the applicable standard of care for the medical procedure under scrutiny and he must demonstrate to the court that he is familiar with the standard of care." *David v. McLeod Reg'l Med. Ctr.*, 626 S.E.2d 1, 5 (S.C. 2006). In contrast, the United States submitted declarations from three qualified experts who explained the relevant standard of care and opined that Lynn's surgeon correctly diagnosed Lynn and did not deviate from the standard of care in performing life-saving surgery.

We therefore conclude that the district court did not err in granting summary judgment to the United States.

Accordingly, we affirm the district court's orders. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*